UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| HAROLD MICHAEL MILAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 22-33-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| LESLIE CO. DETENTION CENTER, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Harold Milam is a pretrial detainee presently confined at the Leslie County Detention Center in Hyden, Kentucky.  Milam has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  [Record No. 1]  This matter is pending for initial review required by 28 U.S.C. §§ 1915(e)(2), 1915A.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Three weeks ago, Milam filed his first complaint in this Court.  He asserted in that action numerous claims challenging the legality of his arrest in Russell County, his transfer to Taylor County, and the conditions of his confinement at the Pulaski County Detention Center.[1] That complaint was dismissed upon initial screening on several grounds.  Notably, Milam had failed to make any allegations against any of the dozen persons or entities he named as

---

[1]  In November 2021, Milam was charged in Russell Circuit Court with First Degree Sexual Abuse of a Minor under 12 Years of Age and First Degree Criminal Abuse.  Those charges remain scheduled for trial in October 2022 pending completion of a competency hearing. *Commonwealth of Kentucky v. Milam*, No. 21-CR-00143 (Russell Cir. Ct. 2021).  *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=104&court=1&division=CI&caseNumber=21-CR00143&caseTypeCode=CR&client_id=0 (visited on February 24, 2022).

defendants.  The Court did not assess a filing fee in the earlier case.  Instead, it advised Milam

that he could file a new complaint "if he can address each of the deficiencies identified above."

*Milam v. McCullam*, No. 6: 22-CV-20-WOB (E.D. Ky. 2022).

Milam filed this matter days later, naming an even wider assortment of persons and

entities as defendants.[2]  However, Milam makes allegations against only one of them.  He

alleges that Jailer Dunbar, in an effort to prevent him from seeking election as the Russell

County Jailer, conspired to transfer Milam out of Russell County by sending him first to

Pulaski County, next Taylor County, and then to Leslie County.  *Id*. at 2.  Milam contends that

these transfers violated his rights under the First Amendment "to communicate" and "to mail."

He also complains about numerous and varied aspects of the conditions of his confinement.[3]

However, Milam offers no indication regarding the jail to which he refers or what persons are

allegedly responsible for those conditions.  [Record No. 1 at 2-3]  Milam contends that his

rights under eight different Amendments to the United States Constitution have been violated.

He also indicates that he has "kinda" raised some of these claims before in a complaint he filed

---

[2]  They include the Leslie County Detention Center; an unnamed Leslie County Fiscal Court Judge; Jailer Danny Clark; Gary Robertson; Russell County Jailer Bobby Dunbar; Taylor County Jailer Hack Marcum; Pulaski County Jailer Anthony McCollum; an unnamed Russell County Judge Executive; Russell County, Kentucky; the Taylor County Fiscal Court; an unnamed Judge Executive; another unnamed County Judge Executive; the Kentucky Association of Counties; and Leslie County, Kentucky.  [Record No. 1 at 1-2]

[3]  Milam complains that he does not have the same access to medical care that he would "as if he was on the streets"; does not have a "thick mattress"; does not have access to a toilet or a shower; is denied access to a library or the internet; is charged excessively high prices for commissary items; cannot communicate on a tablet and cannot send text messages; cannot perform his job as a live news reporter; and is not permitted "to come and go as he pleases." [Record No. 1 at 3]

in the United States District Court for the Western District of Kentucky.[4]  For relief, Milam

seeks damages and unspecified injunctive relief for the "denial of rights for the past 12 years!"

*Id*. at 4, 7-8.

The Court will dismiss Milam's current complaint without prejudice for several

reasons.  First, his allegations fail to state a claim against Jailer Dunbar for violation of his

rights under the First Amendment.  Milam broadly asserts that his transfers to different jails in

several nearby counties interfered with his ability to file the paperwork necessary to seek

election as the Russell County Jailer, as well as to communicate by text or by mail with other,

unidentified persons.   But it is long-established that an inmate lacks a constitutionally-

protected interest in being housed at a particular jail.  *Meachum v. Fano*, 427 U.S. 215, 225-

26 (1976).  Further, transfers between jails are a commonplace event during incarceration, one

of the many burdens ordinary and incident to confinement which prisoners must bear.  *Sandin*

*v. Conner*, 515 U.S. 472 (1995).  This principle likewise applies to pretrial detainees prior to

conviction.  *Bell v. Wolfish*, 441 U.S. 520, 533 (1979) ("the presumption of innocence ... has

no application to a determination of the rights of a pretrial detainee during confinement before

his trial has even begun.").

In any event, Milam's ability to mail documents does not appear to have been curtailed

by his transfers to different jails.  A review of the federal courts' online PACER database

shows that, in the three months since his arrest, Milam has sent numerous letters and filed five

---

[4]  *See Milam v. Marcum*, No. 1: 22-CV-3-GNC (W.D. Ky. 2022).

new civil complaints from the Taylor County Detention Center and the Leslie County Detention Center to the federal courts in this state.[5]

Second, Milam makes no allegations against any of the remaining defendants named in the complaint.  Milam, therefore, has failed to satisfy federal pleading requirements because he does not provide each named defendant with notice of what he allegedly did or did not do that forms the basis of his claim against him.  *Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) ("[e]ven a pro se prisoner must link his allegations to material facts … and indicate what each defendant did to violate his rights …").  Milam does make numerous complaints about the conditions of his confinement, but he does not indicate at which facility these conditions exist or describe the conduct of any named defendant in a manner that would establish or even suggest their liability.  Sweeping pronouncements directed against all defendants are not sufficient to indicate liability against any particular individual defendant.  *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant.").

---

[5]  *See Milam v. Shearer*, No. 1: 21-CV-53-GNS (W.D. Ky. 2021); *Milam v. Brown*, No. 21-6035 (6th Cir. 2021); *Milam v. Marcum*, No. 1: 22-CV-3-GNS (W.D. Ky. 2022); *Milam v. Marcum*, No. 1: 22-CV-8-GNS (W.D. Ky. 2022); *Milam v. McCullam*, No. 6: 22-CV-20-WOB (E.D. Ky. 2022).  A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).  *See also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").  The Court may consider such information when determining whether a claim must be dismissed for failure to state a claim under Rule 12(b)(6) without converting the motion into one for summary judgment under Rule 56. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

-5-

In summary, and for the reasons stated above, the Court will dismiss Milam's complaint without prejudice for failure to state a claim. Accordingly, it is hereby

   **ORDERED** as follows:

1.      Milam's complaint [Record No. 1] is **DISMISSED** without prejudice.

2.      This matter is **STRICKEN** from the docket.

Dated: February 25, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky